Curia, per

O’Neall, J.
After a note has been protested for nonpayment, and notice legally given to the endorser, he becomes, like any other unconditional security, bound for the payment of the debt. A mere giving day to the principal, or forbearing to enforce the collection of the debt, would not generally discharge the security, Picket vs. Land, (2 Bail. 608.) In Weyman vs. Kirby, 2 Bail. 551, 553,) (a) the rule extracted from King vs. Baldwin, (2 J. C. B. 559, 560,) “that the surety is bound by the terms of his contract, and if the creditor by agreement with the principal debtor, without the concurrence of the surety, varies these terms, by enlarging the time of performance, the surety is discharged, for he is injured and his risk increased,” met the approbation of the Appeal Court. This rule must decide these cases ; for if the Bank has varied the terms of Kerr’s contract, by enlarging the time of performance, then Stoddard, Miller & Co., the endorsers fixed by notice are discharged. We shall be at once able to decide the cases by enquiring, had the Bank, by the contract in proof, so varied the terms of Kerr’s note, and so enlarged the time of payment, that he could not be sued ? if so, he, as well as Stoddard, Miller & Co., *96 is protected, but if not, then all are liable. The provision in the deed to give to Kerr the opportunity of paying this debt, as well as his other debts to the State Bank, in five equal, annual instalments, depended upon his substituting for the note now in suit, another note with the same endorsers; this was not done, and of course there is nothing in this provision of the deed which varies the terms of the defendant’s note. The only provision which looks like an enlargement of the time of performance is that which declares that no part of the property conveyed shall be sold in five years But that does not vary the terms of Kerr’s note. He was still liable to pay it presently. He might be sued upon it at any moment. This being so, the endorsers, Stoddard, Miller & Co., cannot complain. *Eor every thing remains as before, so far as their contract is concerned. Under the judgment recovered in this case, any property which Kerr may possess, and which is not under some legal incumbrance, may be sold in satisfaction. The deed before us, which exempts his property from sale for five years, is nothing more than giving a preference to such creditors as come in and give their assent to it within the time limited. That opportunity was offered to these defendants, and that they did not avail themselves of it, is perhaps more their misfortune than their fault. Still they cannot complain of the Bank for holding them liable presently, when their own neglect compelled the present course. It may be, that if their failure to sign the deed was accidental, that they may, in another Court, be still allowed to come in and have the benefit of its provisions. On looking through the deed, I think all its provisions are greatly for the benefit of Kerr’s endorsers, and that the delay of sale for five years of the property contained in the deed, may be the means of paying his debts, without resorting to them. If so, this provision would not increase the risk of, and would be no injury to, the endorsers, and in that point of view would not come within the rule for their discharge.-
The motion is dismissed.
Evans, EaRDE, and ButleR, JJ., concurred.

 Sup. 84. An.